**DOUDS v. LOCAL 1250, RETAIL WHOLESALE DEPARTMENT STORE UNION OF AMERICA, CIO.**

Docket 21130.

United States Court of Appeals
Second Circuit.

Nov. 8, 1948.

CLARK, Circuit Judge, dissenting.

· Neuburger, ·Shapiro, Rabinowitz & Boudin, of New York City (Leonard B. Boudin, Victor Rabinowitz and Belle Seligman, all of New York City, of counsel), for appellant.

Robert Denham, Gen. ·Counsel, David P. Findling, Associate Gen. Counsel, and A. Norman Somers, Asst. Gen. Counsel, and Paul S. Kuelthau, Bernard Dunau and Norton J. Come, Attys., all of Washington, D. C., for National Labor Relations Board.

Poletti, Diamond, Freidin & Mackay, of New York City (Jesse Freidin, Sanford Kadish and Emanuel Gordon, all of New York City, of counsel), for Oppenheim Collins & Co., Inc., Charging Party.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a motion for an order staying, pending appeal, an amended decree of the District Court, adjudging the respondent Union and certain named persons in civil contempt because they had refused to obey the Court's order of injunction issued on September 14, 1948, in a proceeding instituted by the National Labor Relations Board, which order has been affirmed by the decision of this Court. The contempt decree provided that the respondent and the named persons should purge themselves of contempt by complying with the Court's order, quoted in part in our opinion in the injunction proceeding handed down herewith. It also provided that upon failure to comply, an order of attachment should issue against the named individuals, that a fine of $20,000 should be paid to the United States by the respondent labor union and in addition a further sum of $1,000 per day, so long as non-compliance should continue.

An appeal has been taken from the contempt order, but the record has not been filed and we have no knowledge of its contents. Chief Judge L. Hand granted a stay of the commitment of individuals and payment of the fines imposed. The propriety of the stay to the extent granted by Judge Hand is not questioned. As the matter now stands, the court below placed it in the power of the respondent Union and its agents to escape commitment and fines if they conformed to the injunction order, which was conditional upon failure to comply with its terms. Whether they did so or not, or whether the order was invalid for any reason, or whether the sums ordered to be paid were excessive, are matters which may be tested on the appeal. This seems apparent from the recent decision of the Supreme Court in United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884. We can see no basis in the record before us for presently determining any of these matters, and especially the proper amount of the fines imposed, since we do not know the financial resources of the Union, the threatened losses of the employer, or the amount of penalties necessary to protect the public interest against the strike which we enjoined pending the decision of the Board. These seem to be the criteria set forth by the Chief Justice in United States v. United Mine Workers, supra. See pages 303, 304 of 330 U.S., page 701 of 67 S.Ct.

In our opinion it cannot be reasonably contended that the preliminary injunction improperly interferes with rights of bargaining, striking, picketing or free speech. It only prohibited inducing employees to strike, forbade picketing, and prohibited the visiting of homes of other employees for the purpose of inducing them to strike. These prohibitions are all specifically limited to a strike "where an object of such strike or such acts or conduct is to force or require [the employer] to recognize or bargain with respondent," so long as the Board's certification of another labor union remains in effect. That a strike under such circumstances is illegal is specifically provided by Section 8(b), Subsection (4) (C) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 158(b) (4) (C).

For the foregoing reasons, the motion for a stay, except to the extent already permitted by Chief Judge L. Hand, is denied. The stay to that extent is continued pending the appeal from the contempt order.

The motion for the expediting and early argument of the appeal will be granted as soon as the appellant files its brief and record. We note that the contempt order was issued on October 8, 1948, and the notice of appeal was filed on October 15. The respondent has not yet perfected its appeal or filed its brief, although we made it plain at the time of the argument that there need not be printing in the case of either document.

CLARK, Circuit Judge (dissenting).

In the decision in the companion appeal, 2 Cir., 170 F.2d 695, I have expressed my concern at the unusual scope of the injunction. The problems thus envisaged, even without reference to other novel features of the new legislation, would seem to call for judicial review without such drastic in terrorem penalties as that of a thousand dollars a day, with body attachment for the individuals. The threat of such penalties impairs, if it does not render nugatory, the right of review. Whatever may be the eventual final judgment, I think our stay should relieve against the cumulation of heavy penalties during such period (which may well be limited precisely) as the respondent is promptly and diligently pursuing its rights to review.